**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iLearningEngines, Inc., *et al.*, | Case No. 24-12826 (LSS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY
AND *IPSO FACTO* AND ANTI-DISCRIMINATION PROVISIONS OF
THE BANKRUPTCY CODE, AND (II) GRANTING RELATED RELIEF**

iLearningEngines, Inc. ("iLE") and its above-captioned affiliates (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) restating and enforcing the worldwide automatic stay and *ipso facto* and anti-discrimination provisions under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Preliminary Declaration of Bonnie-Jeanne Gerety in Support of Debtors' Chapter 11 Petitions and Emergency Relief Requested by Initial First Day Motions* (the "Preliminary Gerety Declaration").[2] In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iLearningEngines, Inc. (1600); iLearningEngines Holdings, Inc. (2335); and iLearningEngines FZ-LLC (N/A). The mailing address for each of the Debtors for purposes of the Debtors' chapter 11 cases is 6701 Democracy Boulevard, Bethesda, Maryland 20817.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Preliminary Gerety Declaration.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3] Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicates for the relief sought herein are sections 105(a), 362, 365(e)(1), 525, and 541 of the Bankruptcy Code.

**GENERAL BACKGROUND**

3.  On December 20, 2024, iLE and iLearningEngines Holdings, Inc. each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 27, 2024, iLearningEngines FZ-LLC filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner. The Debtors have requested that these Chapter 11 Cases be jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.  As set forth in the Preliminary Gerety Declaration, the Debtors offer an artificial intelligence and automation platform, which empowers its customers to productize their

---

[3] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

2

institutional knowledge by transforming it into actionable intellectual property that enhances outcomes for employees, customers, and other stakeholders. Additional information regarding the Debtors' businesses, organizational structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the Preliminary Gerety Declaration.

## RELIEF REQUESTED

5.      By this Motion, the Debtors request entry of the Proposed Order, (i) restating and enforcing the worldwide automatic stay, *ipso facto* and anti-discrimination provisions under the Bankruptcy Code, and (ii) granting related relief.

## BASIS FOR RELIEF

6.      As a result of the Debtors' international business operations, the Debtors have many foreign creditors, contract counterparties, and other parties-in-interest in countries that may not be well versed in the protections and restrictions of the Bankruptcy Code. Some of these creditors and parties-in-interest do not transact business on a regular basis with companies that have filed for chapter 11. These creditors and parties-in-interest may be unfamiliar with the operation of the worldwide automatic stay and other provisions of the Bankruptcy Code. Upon the commencement of these Chapter 11 Cases, non-U.S. creditors could attempt to seize or impose liens upon the Debtors' assets held in non-U.S. accounts. Additionally, non-U.S. counterparties to certain leases and executory contracts could attempt to terminate such leases or contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code. Similarly, governmental units outside of the United States may, in violation of section 525 of the Bankruptcy Code, deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by the Debtors that is required for the Debtors' ongoing business operations. Accordingly, the Debtors submit that such circumstances warrant

Case 24-12826-LSS   Doc 15   Filed 12/30/24   Page 4 of 8

an order apprising all parties—especially non-U.S. governmental units, creditors, and vendors—of sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code and the protections provided thereby.

7. The filing of these Chapter 11 Cases triggered a worldwide automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things: (a) commencing or continuing a judicial, administrative, or other proceeding against any of the Debtors that was or could have been commenced before these Chapter 11 Cases were filed or recovering upon a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases, or (b) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases. *See* 11 U.S.C. § 362.

8. Section 365(e)(1) of the Bankruptcy Code prohibits, subject to certain limited exceptions, all parties to executory contracts or unexpired leases with the Debtors from, among other things, terminating or modifying any such contract or lease, or any right or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases, (b) the commencement of these Chapter 11 Cases, or (c) the appointment of a trustee. *See* 11 U.S.C. § 365(e)(1).

4
DMS_US.368359049.3

9. Similarly, provisions in agreements, transfer instruments, or applicable non-bankruptcy law are unenforceable if any such provision:

> restricts or conditions transfer of such interest by the debtor; or . . . is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

10. Section 525 of the Bankruptcy Code provides that governmental units, with certain limited exceptions not applicable to these Chapter 11 Cases, "may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against" the Debtors solely because the Debtors: (a) are debtors under the Bankruptcy Code, (b) may have been insolvent before the commencement of these Chapter 11 Cases or (c) may be insolvent during the pendency of these Chapter 11 Cases. 11 U.S.C. § 525.

11. The protections contained in sections 362, 365(e)(1), 525, and 541 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections that help provide the Debtors with the "breathing spell" necessary to enable a smooth and orderly transition into chapter 11. *See, e.g.*, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad."); *In re THG Holdings LLC*, 604 B.R. 154, 160 (Bankr. D. Del. 2019) ("The automatic stay is one of the most fundamental protections provided by the Bankruptcy Code, giving the debtor a breathing spell from its creditors. . . . Section 362 states that 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the

estate' and 'any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case' is subject to the automatic stay.") (citations omitted).

12. The protections in these provisions extend to protect a debtor's property and contracts wherever they are located and by whomever held. *See In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the extraterritorial application of the automatic stay.") (citation omitted); *In re NDEP Corp.*, 193 B.R. 710, 712 (Bankr. D. Del. 1995) ("Under Section 541 of the Code, [debtor's] bankruptcy filing . . . created an estate composed of all [debtor's] legal or equitable interests as of the commencement of the case wherever located and by whomever held."). Accordingly, any actions by third parties to modify or terminate contracts or enforce their terms against the Debtors are prohibited absent court approval. *See NLRB* v. *Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to the assumption by the debtor); *see also U.S. Postal Serv.* v. *Dewey Freight Sys., Inc.*, 31 F.3d 620, 624 (8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory contracts are assumed or rejected under § 365(a), those contracts remain in existence, *enforceable by the debtor but not against the debtor*.").

13. Notwithstanding the fundamental, self-executing, and worldwide nature of these statutory protections, not all parties affected or potentially affected by the commencement of a chapter 11 case may be aware of their existence. Debtors in bankruptcy often must advise third parties of the existence and effect of sections 362, 365(e)(1), 525, and 541 of the Bankruptcy Code. Occasionally, a chapter 11 debtor has to initiate adversary proceedings in the bankruptcy court to enforce these protections. To avoid such unnecessary actions, and to provide notice to parties

unfamiliar with the Bankruptcy Code of the scope and effect of the section 362 worldwide automatic stay, the section 365(e)(1) and 541(c) prohibition against enforcement of *ipso facto* clauses, and the section 525 antidiscrimination provision, the Debtors respectfully request entry of the Proposed Order restating those provisions.  To that end, the Debtors submit that the Proposed Order will advance the efficient administration of these Chapter 11 Cases.

14. The Debtors conduct business with parties in jurisdictions worldwide, many of whom are unfamiliar with the U.S. bankruptcy process and the protections afforded to debtors.  In addition, certain Debtor property is located outside of the United States.  As a result of this, many counterparties may not be familiar with United States bankruptcy law and, absent such an order, may take precipitous action against the Debtors or their property.

15. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order in the form attached hereto.  The Debtors submit that the Proposed Order, by restating the safeguards in the Bankruptcy Code, would help protect the Debtors from unwitting violations of these crucial provisions.  The granting of the relief requested will help ensure that (a) the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, (b) creditors do not seize the Debtors' assets, impose liens, or take any other action in violation of the worldwide automatic stay, and (b) foreign governmental authorities do not deny, revoke, or suspend any licenses or permits solely because the Debtors are in chapter 11.

## NOTICE

16. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002. The Debtors will serve notice of this Motion and any order entered hereon in accordance with 9013-1(m) of the Local Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 30, 2024
      Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Sarah E. Silveira*
Ian J. Bambrick (No. 5455)
Sarah E. Silveira (No. 6580)
Ryan M. Messina (No. 6875)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
ian.bambrick@faegredrinker.com
sarah.silveira@faegredrinker.com
ryan.messina@faegredrinker.com

Richard J. Bernard (*pro hac vice* pending)
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Tel: (212) 248-3140
Fax: (212) 248-3141
richard.bernard@faegredrinker.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

8

DMS_US.368359049.3