# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iLearningEngines, Inc., *et al.*, | Case No. 24-12826 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref D.I. __** |

**ORDER RESTATING AND ENFORCING WORLDWIDE AUTOMATIC STAY AND *IPSO FACTO* AND ANTI-DISCRIMINATION PROVISIONS OF THE BANKRUPTCY CODE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, (i) restating and enforcing the worldwide automatic stay and *ipso facto* and anti-discrimination provisions under the Bankruptcy Code, and (ii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the Preliminary Gerety Declaration; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iLearningEngines, Inc. (1600); iLearningEngines Holdings, Inc. (2335); and iLearningEngines FZ-LLC (N/A). The mailing address for each of the Debtors for purposes of the Debtors' chapter 11 cases is 6701 Democracy Boulevard, Bethesda, Maryland 20817.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf) of:

    (a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Chapter 11 Cases, or to recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

    (b) the enforcement, against the Debtors or against property of their estates, of a judgment or order obtained before the commencement of these Chapter 11 Cases;

    (c) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the Debtors' estates;

    (d) any act to create, perfect, or enforce any lien against property of the Debtors' estates;

    (e) any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Cases;

    (f) any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

    (g) the setoff of any debt owing to the Debtors that arose before the commencement of the Chapter 11 Cases against any claim against the Debtors; and

  (h)  the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a Debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

3. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, and notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of any or all Debtors at any time before the closing of the Chapter 11 Cases or (ii) the commencement of the Chapter 11 Cases.

5. Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, the Debtors or the Debtors' affiliates solely on account of the Debtors (i) being debtors under chapter 11, (ii) having been insolvent before the commencement of the Chapter 11 Cases or during the Chapter 11 Cases but prior to being granted or denied a discharge; or (iii) not having paid a debt that is dischargeable in Chapter 11 Cases under the Bankruptcy Code.

6. Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, any interest of the Debtors in property becomes property of the estates, notwithstanding any

provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors, or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors' Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtor's interest in property.

7. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under sections 362, 365, 525, 541(c), and 553 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

8. Nothing in the Motion or this Order, or any action taken by the Debtors in implementing this Order, shall be deemed or construed as (a) an admission as to the validity or priority of any claim against the Debtors or any lien on the Debtors' properties, or (b) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or (c) a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any claim.

9. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any claim may be owed.

10. Neither the provisions contained herein, nor any actions made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

11. Nothing in this Order is intended to, or shall, alter the effect of any provision of the Bankruptcy Code.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.